**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Louie Perry,                          Case No. 3:10CV2533
                                                        [3:08CR120; 3:08CR304]

           Plaintiff

      v.                                    **ORDER**

United States of America,

           Defendant

       This is a § 2255 case in which the defendant, Louie Perry, claims he received constitutionally inadequate assistance of counsel prior to and when entering pleas of guilty and at sentencing in two criminal cases. On review of his *pro se* petition, I assigned counsel to represent the defendant. His assigned attorney has filed an amended petition (Doc. 48), to which the government has filed an opposition (Doc. 49), and the petitioner a reply. (Doc. 54).

       For the reasons that follow, I find one of defendant's contentions about his attorney's performance without merit; I tentatively conclude the same with regard to another of his contentions, subject to the government's filing a supplemental affidavit; and I conclude that an evidentiary hearing is required with regard to other claims.

**Background**

On February 11, 2008, members of the Toledo Metro Drug Task Force, which consists of state officers and federal agents, recorded a phone call to the defendant; the call arranged a drug purchase. When the defendant arrived at the "meet," officers arrested him and seized 496 grams of cocaine.

Later that day, Toledo Police Department (TPD) Detective Lori Renz, a member of the Task Force, obtained from a Toledo Municipal Court Judge a search warrant for the defendant's home. On executing the warrant, officers found a firearm, boxes of ammunition, 485 grams cocaine and items for weighing and packaging drugs.

Having been convicted in 2006 of a state felony drug charge, the defendant was indicted by a federal grand jury on charges of possession with intent to distribute cocaine and being a felon in possession of a firearm. ("Drug/gun case"). Attorney James MacHarg became his attorney.

About four weeks after being indicted, the defendant plead guilty. His attorney had not filed any pretrial motions. In addition to the customary stipulations as to drug quantity and waiver of various rights, etc., the plea agreement stated that it was limited to the specific offenses charged in the drug/gun indictment. In addition, the government reserved the right to charge the defendant with other offenses, such as conspiracy, involving conduct in the drug/gun indictment. A cognate provision was that the defendant agreed, if later so charged, to waive any rights under the double jeopardy clause of the Fifth Amendment.

The government also agreed that it would not file a notice under 21 U.S.C. § 851(a) of sentence enhancement based on the defendant's 2006 state felony drug conviction. As a result, the government agreed that the minimum mandatory term would be five, rather than ten years, as it would have been had it filed the § 851(a) notice.

2

The defendant did not waive his right to claim ineffective assistance of counsel.

The defendant's attorney, assuming that the government might be bringing more charges, asked the prosecutor if that were so. The prosecutor declined to answer that inquiry.

Sentencing in the drug /gun case, which was before District Judge David A. Katz, was pending when the grand jury returned a drug conspiracy indictment naming the defendant and fourteen others. ("Conspiracy case").[1] In a superseding indictment the government charged the defendants with a drug conspiracy beginning in or about 2000. Among the overt acts was the defendant's possession of the 496 grams of cocaine to which he had plead guilty in the drug/gun case. In addition, the conspiracy indictment charged the defendant in a separate count with possession of the total 981 grams of cocaine found on his person on arrest and later that day in his house *via* the search warrant.

While the conspiracy case was pending, the government filed a § 851(a) notice of prior conviction for sentencing enhancement purposes. This made the minimum mandatory term on conviction in the conspiracy case ten years.

Still represented by Mr. MacHarg, the defendant plead guilty to the conspiracy and drug possession counts in the conspiracy case. In his plea agreement, the defendant stipulated that he had possessed the 981 grams of cocaine and had conspired to possess with intent to distribute at least two but less than 3.5 kilograms of cocaine. As a result of these stipulations, and in light of the § 851(a) notice, the defendant, as stated in the plea agreement, agreed to imposition of the statutory minimum mandatory term of ten years imprisonment.

---

[1] On the filing of the conspiracy case indictment, Judge Katz transferred the drug/gun case to the undersigned for further proceedings.

3

Because the conspiracy case plea agreement stipulated that the relevant conduct in the drug/gun case was also relevant conduct in the conspiracy case, the sentences in both cases were to run concurrently.

In the conspiracy case plea agreement, the defendant, as he had in the drug/gun plea agreement, waived his right to challenge his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. At the ensuing sentencing hearing on both cases, the defendant received seventy month sentences on the two charges in the drug/gun case and 120 month sentences on the two counts in the conspiracy case. All sentences were concurrent.

About a year thereafter, on October 31, 2010, the defendant filed a *pro se* § 2255 petition. Following appointment of counsel, the defendant's attorney filed the pending amended petition. The amended petition seeks to have his convictions in both cases vacated, or, alternatively, have the sentence in the conspiracy case vacated for resentencing.

In support of his requested relief, the defendant asserts that his attorney prejudicially failed to provide constitutionally adequate counsel by failing to: 1) explain his rights under the double jeopardy clause and the effect of his waiver of those rights; 2) challenge the defendant's arrest and seizure of the 496 grams of cocaine or the validity of the warrant for the search of his home which discovered, *inter alia*, the firearm and additional 485 grams of cocaine; and 3) challenge the filing of the § 851(a) notice of sentencing enhancement.

For the reasons that follow I find no merit to the defendant's challenge to his attorney's lack of a motion to suppress the search warrant; tentatively find no deficiency *vis-a-vis* the defendant's arrest and seizure of the 496 grams of cocaine incident thereto; and set his remaining grounds,

4

including adequacy of advisement as to the double jeopardy waiver and sentencing enhancement, for an evidentiary hearing.

## Discussion

Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the defendant must first show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." To do so, the defendant must point to acts "outside the wide range of professionally competent assistance." *Id*. at 690. His attorney's representation must have fallen below an objective standard of reasonableness under prevailing professional norms. *Id*. at 688.

Even if a defendant meets this demanding standard, he still must establish that his attorney's deficient performance caused prejudice. To meet his requirement, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* at 687. This means he must demonstrate a reasonable probability that, absent counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694.

In the context of plea agreements, a defendant, to establish prejudice, must convince the reviewing court that there is a reasonable probability that, but for counsel's errors, he would, instead of pleading guilty, have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### A. Failure to Challenge Search Warrant

The defendant does not challenge the facial adequacy of the affidavit for the warrant which the Toledo Municipal Court judge issued or of the warrant itself or the warrant's execution. He bases his claim that his attorney should have filed a motion to suppress the items seized pursuant to the warrant for violation of Fed. R. Crim P. 41(b). That provision states a "magistrate judge with

authority in the district – or if none is reasonably available, a judge of the state court of record in the district – has authority to issue a warrant to search for and seize a person or property located within the district."

The defendant overlooks the fact that the affiant was a Toledo Police Department Detective, albeit working with a joint Task Force. Even if she had authority to approach a federal Magistrate Judge, as she may have as a Task Force member, such status did not deprive her of authority to seek a state court warrant.

In any event, even if the defendant's attorney had challenged the warrant due to the purported defect in its issuance, and even if the government could not have shown that no United States Magistrate Judge was available, suppression would not have resulted.

What matters under the Fourth Amendment is that a judge of a court of record find probable cause and issue the warrant. While Rule 41(b), applicable exclusively to federal officers, serves, *inter alia*, to deter judge shopping by federal agents, it has no constitutional basis. Thus, even if officers violate a non-constitutionally based provision of Rule 41, suppression cannot occur. *See U.S. v. Ware*, 161 F.3d 414, 424–25 (6th Cir.1998) ("Statutory violations, absent any underlying constitutional violations or rights, are generally insufficient to justify imposition of the exclusionary rule."). *See also U.S. v. Perez*, 405 F.Supp.2d 852, 855 (N.D. Ohio 2005) (violations of Rule 41 do not result in suppression).

Suppression was thus not attainable, even under circumstances that probably did not exist here (*i.e.*, Detective Renz's affiliation with the Drug Task Force deprived her of her authority as a TPD Detective to obtain a warrant from a Toledo Municipal Court Judge). That being so, the attorney's failure to file a futile motion to suppress did not constitute defective performance.

## 2. Arrest and Search and Seizure Incident Thereto

In its response to the amended petition, the government asserts that officers arranged a drug transaction with the defendant *via* a recorded a phone call, followed him to the appointed place for the transaction, arrested him there, and seized the 496 grams of cocaine.

Were this contention supported by an affidavit from a person with knowledge of these facts, probable cause to arrest and thus conduct the search incident to arrest would be indisputable. Presently, these contentions are simply counsel's assertions, which cannot, standing alone, support that conclusion.

I anticipate that the government can provide the missing evidentiary basis and thereby adequately establish probable cause for the defendant's arrest and the validity of the search incident thereto. Provided it does so, that will eliminate any contention that counsel's failure to file a motion to suppress was either deficient or prejudicial. Counsel has no obligation to file futile motions.

The government shall have leave until January 31, 2012, to provide an evidentiary basis for its factual assertions. If it does so, my tentative finding of ample probable cause and validity of the arrest, search and seizure will be final for purposes of this proceeding.

## C. Evidentiary Hearing

Although the government contends that the defendant's attorney explained the plea agreement, including the waiver of double jeopardy provision, in the drug/gun case, the defendant claims that he did not see the agreement, and was unaware of its provisions, until the morning he offered his plea.

The defendant likewise claims, also contrary to his former attorney's affidavit, that his attorney never told him about the sentencing enhancement in the conspiracy case until the morning

of sentencing. He claims he did not see or review the presentence report before that morning. He attributes his affirmative answers to my inquiries as to whether he had read and his attorney had reviewed the report to instructions by his attorney to answer in that manner.

The defendant claims that, had he known about these aspects and consequences of his pleas of guilty, he would have not entered his pleas and, instead, would have gone to trial.

The defendant's contentions create factual disputes about the extent to which the defendant's attorney adequately informed the defendant of significant attributes of the government's plea offers. If defendant's counsel did not provide adequate information, and if the defendant shows that, had he been informed more fully prior to his pleas and sentencing, he would have proceeded to trial, rather than pleading guilty, relief may be appropriate.

Before determining whether that is so, I shall hold an evidentiary hearing to resolve the material factual disputes.[2]

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED THAT:

1. The government shall file an affidavit re. the defendant's arrest and search and seizure incident thereto on or before January 31, 2012; and

---

[2] The government admits that the 496 grams from the drug/gun case should not have been part of the total of 981 grams in the conspiracy case. Instead, the government states, only the 485 grams from the defendant's home belonged in the conspiracy case computation. However, as the government also contends, this error did not affect the outcome, given the presence of the § 851(a) notice of sentencing enhancement, which caused the minimum mandatory sentence to be 120 months. Had the computation been correct from the outset, the result would have been the same.

8

2. An evidentiary hearing shall be scheduled; the scope of that hearing will be limited as provided herein.

3. A pretrial scheduling conference is scheduled for February 6, 2012 at 11:30 a.m.

So ordered.

/s/ James G. Carr<br>
Sr. United States District Judge